IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SEDARIOUS LAWRENCE, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:19-CR-00448-LMM-CCB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-00719-LMM-CCB |

**FINAL REPORT AND RECOMMENDATION**

Movant Sedarious Lawrence, confined at United States Penitentiary McCreary in Pine Knot, Kentucky, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 42.) Movant also filed a motion to withdraw the 28 U.S.C. § 2255 motion. (Doc. 48.) He explains that he misunderstood the purpose of the § 2255 motion and believed that it was necessary to file the motion in order to show extraordinary and compelling reasons for his 18 U.S.C. § 3582(c)(1)(A) motion. (*Id.* at 1.) As a result, he asks for the Court to dismiss his § 2255 motion. (*Id.* at 2.) The Government, although it filed a response to the original § 2255 motion as directed, has not indicated any opposition to Movant's motion to withdraw.

Accordingly, it is **RECOMMENDED** that Movant's motion to withdraw 28 U.S.C. § 2255 motion (Doc. 48) be **GRANTED** and Movant's motion to vacate (Doc. 42) be **DISMISSED without prejudice**.

# I.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

2

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issue present—Movant's request to withdraw his motion—is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

**II.    CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that Movant's motion to withdraw 28 U.S.C. § 2255 motion (Doc. 48) be **GRANTED**, Movant's motion to vacate (Doc. 42) be **DISMISSED without prejudice**, and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 19th day of July, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE